UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 



Circuit Court Case #07-26723 CA31

**CIV-MORENO**

TONA MORONGELL,

    Plaintiff,

vs.

MAGISTRATE JUDGE
SIMONTON

MIAMI-DADE COUNTY,

    Defendant.

_____/

### NOTICE OF REMOVAL

Defendant, Miami-Dade County, pursuant to U.S.C. §§ 1441 (a), (c) and 1446, file this Notice of Removal, and, based on facts and provisions set forth below, remove this cause to the United States District Court for the Southern District of Florida:

1. On September 19, 2007 the Defendant was served with the Complaint, attached hereto as Exhibit A.

2. Plaintiff's Complaint alleges that the Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. §2000 (e) et seq.

3. Venue is proper in this Court because the alleged actions took place within the Southern District of Florida.

4. This Notice is being filed within thirty days after service of the Complaint on Defendants. Copies of all process, and pleadings are attached as Exhibit "B" in accordance with the requirements of 28 U.S.C. § 1446 (a) and this Court's General Case Filing Requirements.

Written notice of Defendants' removal of this action has been provided to all parties and a copy of the Notice of Removal has been filed with the Clerk of the State Court.

5. The Defendant concurs with this removal action.

WHEREFORE, Defendant, Miami-Dade County, respectfully request that this Court accept and retain removal jurisdiction over this case.

Respectfully submitted,

R.A. CUEVAS, JR.
Acting Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128

By: _____
William X. Candela
Assistant County Attorney
Florida Bar No. 759317
Telephone: (305) 375-2147
Facsimile: (305) 375-5634
E-mail: wxc@miamidade.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed to: Teri Guttman Valdes, P.A., 1501 Venera Avenue, Suite 300, Coral Gables, FL 33146 (fax no. 305 740-9202) on this 18 day of October, 2007.

BY: _____
William X. Candela
Assistant County Attorney

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA | | |
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER**<br><br>07-28783 CA 31 |
| **PLAINTIFF**<br><br>TONA MORONGELL | **VS. DEFENDANT**<br><br>MIAMI-DADE COUNTY | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (Place an 'x' in one box only)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution of Marriage | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ UIFSA - IV-D | | ☐ Challenge to proposed Constitutional Amendment |
| ☐ UIFSA - Non IV-D | | ☒ Other |
| ☐ Domestic Violence | | |
| ☐ Other domestic relations | | |

| Is Jury Trial Demanded in Complaint? ☒ Yes ☐ No | DATE: 8/10/07 |
|---|---|

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated in the attached addendum pursuant to Administrative Order. ☐ Yes ☒ No

Signature of Attorney for party initiating action: _[signature]_

JUDGE:

CLK/CT 96 Rev. 10/06                    Clerk's web address: www.miami-dadeclerk.com

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

I. **Class Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable) and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

II. **Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. Definitions of the cases are provided below.

- (A) **Simplified Dissolution of Marriage** - Petitions for the termination of marriage pursuant to Fla.C.Civ.P.1.1611(C).
- (B) **Dissolution of Marriage** - Petitions for the termination of marriage other than simplified dissolution.
- (C) **Support - IV-D** - all matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security Act; except for such matters relating to dissolution of marriage petitions (F.S. 409.2564, 409.2571 and 490.2597), paternity, or UIFSA.
- (D) **Support - Non IV-D** - all matters relating to child or spousal support in which an application for assistance has been filed under Title IV-D, Social Security act.
- (E) **UIFSA - IV-D** - all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IV-D, Social Security Act.
- (F) **UIFSA - Non IV-D** - all matters relating to Chapter 88, Florida Statutes, in which an application for assistance has not been filed under Title IV-D, Social Security Act.
- (G) **Domestic Violence** - all matters relating to injunctions for protection against domestic violence pursuant to F.S. 741.30.
- (H) **Domestic Relations** - all matters involving adoption, paternity, change of name, child custody, separate maintenance, annulment, or other matters not included in categories (A) through (G).
- (I) **Auto Negligence** - all matters arising out of a party's allegedly negligent operation of a motor vehicle.
- (J) **Professional Malpractice** - all professional malpractice lawsuits.
- (K) **Products Liability** - all matters involving injury to person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
- (L) **Other Negligence** - all actions sounding in negligence, including statutory claims for relief on account of death or injury, not included in categories (I), (J), and (K).
- (M) **Condominium** - all civil lawsuits pursuant to Chapter 718, Florida Statutes, where a condominium association is a party in the lawsuit.
- (N) **Eminent Domain** - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions and public service corporations.
- (O) **Real Property/Mortgage Foreclosure** - all matters relating to the possession, title and boundaries of real property. All matters involving foreclosures and sales, including foreclosures associated with condominium associations and condominium units.
- (P) **Contracts and Indebtedness** - all contract actions relating to promissory notes and other debts, including those arising from the sale of goods. Excludes contract disputes involving condominium associations.
- (Q) **Change to proposed constitutional amendment** - a challenge to a legislatively initiated proposed constitutional amendment. Excludes challenges to citizen-initiated proposed constitutional amendments, because the Florida Supreme Court has direct jurisdiction of such challenges.
- (R) **Other Civil** - all civil matters not included in categories (A) through (Q).

III. **Is Jury Trial Demanded in Complaint?** Check the appropriate box to indicate whether or not a jury is being demanded in the complaint.

IV. **Complex Business Court** - Check the appropriate box to indicate whether or not this case is to be assigned to the Complex Business Court.

<u>DATE AND ATTORNEY SIGNATURE</u>. Date and sign the civil cover sheet.

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY

GENERAL JURISDICTION DIVISION

TONA MORONGELL,

CASE NO. 07-26723 CA 31

    Plaintiff,

vs.

MIAMI-DADE COUNTY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TONA MORONGELL ("MORONGELL"), sues Defendant, MIAMI-DADE COUNTY ("MIAMI-DADE COUNTY"), and states:

### JURISDICTION AND PARTIES

1. This action seeks damages for violations of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et seq., as well as the Florida Civil Rights Act.

2. This claim arose in Miami-Dade County and thus venue is appropriate in this Court.

3. Plaintiff, MORONGELL, at all times material hereto and continues to be employed by the Defendant, MIAMI-DADE COUNTY, as a Police Officer.

4. Defendant, MIAMI-DADE COUNTY, is a political subdivision of the State of Florida, and within the jurisdiction of this Court.

5. Declaratory, injunctive, equitable relief, lost wages, salary, employment benefits and other compensatory and punitive damages are sought pursuant to 42 U.S.C. § 12117 and 42 U.S.C. 2000e-5. Costs and attorney's fees may also be awarded pursuant

to 42 U.S.C. § 2000e-5(k).

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and 2343(4) and 42 USC § 2000e-5(f).

7. Plaintiff has exhausted any and all available administrative remedies or doing so would be futile. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission. At Plaintiff's request, the United States Department of Justice issued Plaintiff's Notice of Right to Sue on June 21, 2007, a copy of which is attached hereto as Exhibit "A".

## COUNT I - VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### Retaliation

8. Plaintiff repeats and realleges paragraphs 1 through 7 as if stated fully herein.

9. Plaintiff previously complained about and expressed opposition to discrimination and filed formal complaints with her employer and the EEOC Case Nos. 150-2005-03059, 510-2006-04443 and 510-2006-04443, as amended.

10. Plaintiff's complaints about and opposition to unlawful employment practices were statutorily protected activity pursuant to 42 USC §2000e-3.

11. In response to her complaints, Plaintiff was removed from her work area, placed on a patio and denied access to her office, a computer, a telephone, a desk and other work materials. Further, Defendant assigned Plaintiff's ex-husband to her specific work location. Her ex-husband assumed the position of First Lieutenant which necessarily places him in her direct chain of command. Defendant was well aware that Plaintiff and her ex-husband were involved in lengthy litigation regarding the custody of their son and further,

Ion Guttman-Valdes, P.A. • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone (305) 740-9600 • Fax (305) 740-9202

that her ex-husband had made complaints against Plaintiff.

12. As a result of this retaliation, Plaintiff was unable to report for work for a period of time and eventually resigned from her specialty assignment (which had been the subject of the initial EEOC Complaint) and requested reassignment to a Uniform Patrol position.

13. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of Title VII;

b. enjoining and permanently restraining these violations of Title VII;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k);

    f.      trial by jury; and

    g.      such other relief as the court deems proper.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### Retaliation

14.    Plaintiff repeats and realleges paragraphs 1 through 9 as if stated herein in full.

15.    Plaintiff has been subjected to retaliation because she had engaged in statutorily protected activity in violation of Florida Statute Section 760.10, whereby she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

16.    Plaintiff previously complained about and expressed opposition to discrimination and filed formal complaints with her employer and the EEOC Case Nos. 150-2005-03059, 510-2006-04443 and 510-2006-04443, as amended.

17.    Plaintiff's complaints about and opposition to unlawful employment practices were statutorily protected activity.

18.    In response to her complaints, Plaintiff was removed from her work area, placed on a patio and denied access to her office, a computer, a telephone, a desk and other work materials. Further, Defendant assigned Plaintiff's ex-husband to her specific work location. Her ex-husband assumed the position of First Lieutenant which necessarily places him in her direct chain of command. Defendant was well aware that Plaintiff and her ex-husband were involved in lengthy litigation regarding the custody of their son and further, that her ex-husband had made complaints against Plaintiff.

19.    As a result of this retaliation, Plaintiff was unable to report for work for a period of time and eventually resigned from her specialty assignment (which had been the subject

of the initial EEOC Complaint) and requested reassignment to a Uniform Patrol position.

20. As a direct and proximate result of the foregoing, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being and will in the future, be deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

WHEREFORE, Plaintiff demands judgement for damages against Defendant, including but not limited to the following:

a. a declaration that the acts and practices complained of herein are in violation of The Florida Civil Rights Act of 1992;

b. enjoining and permanently restraining these violations of The Florida Civil Rights Act of 1992;

c. directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits;

d. compensatory damages for past, present and future mental anguish, pain and suffering, and humiliation caused by the intentional discrimination;

e. punitive damages;

f. awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by Florida Statute Section 760.11(6);

g. trial by jury; and

h. such other relief as the court deems proper.

Ira Guttman Valdes, P.A. • 1501 Venera Avenue, Suite 300 • Coral Gables, Florida 33146 • Phone (305) 740-9600 • Fax (305) 740-9202

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff, MORONGELL, submits this demand for jury trial for all issues triable of right by a jury pursuant to Rule 38, Fed. R. Civ. P.

                Respectfully submitted,

                TERI GUTTMAN VALDES, P.A.
                Counsel for Plaintiff
                1501 Venera Avenue, Suite 300
                Coral Gables, Florida 33146
                Telephone: (305) 740-9600
                Facsimile: (305) 740-9202

By: _____
       Teri Guttman Valdes
       Florida Bar No. 0010741

Dated this __10__ day of August, 2007.

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB Room 4239
Washington, DC 20530

CERTIFIED MAIL
5057 3287

June 21, 2007

Ms. Tona Morongell
c/o Teri G. Valdes, Esquire
Law Offices of Teri G. Valdes
1501 Venera Ave., Ste. 300
Coral Gables, FL  33146

Re:  EEOC Charge Against Miami-Dade Police Dept.
     No. 510200604443

Dear Ms. Morongell:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc:  Miami District Office, EEOC
     Miami-Dade Police Dept.

RECEIVED
JUN 26 2007

— Exhibit A —

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Tona Morongell

**DEFENDANTS**
Miami-Dade County

MAGISTRATE JUDGE
SIMONTON

(b) County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

07-22762

(c) Attorney's (Firm Name, Address, and Telephone Number)
Teri Guttman Valdes, Esq.
1501 Venera Avenue, Suite 300
Coral Gables, FL 33146

CIV-MORENO

Attorneys (If Known)
William X. Candela, Assistant County Attorney
111 N.W. 1st St., #2810
Miami, FL 33186

(d) Check County Where Action Arose:   ☒ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

1:2007 cv 22762/FAM/AMS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

FILED by ___ D.C.
DKTG
OCT 1 8 2007
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## V. ORIGIN  (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE                            DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  10-18-07

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 968791

10/18/07